UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Allen Dixon, Jr., #289945, | ) C/A No. 3:11-2976-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Sheriff Bruce M. Bryant; | ) |
| Chief Ass. Admin. Richard L. Martin, Jr.; | ) |
| Chief Admin. James F. Arwood; | ) |
| Cpt. Gary Davies; | ) |
| Sgt. K. Millian; | ) |
| Lt. W. Plemmons; | ) |
| Ofc. D. T. Stewart, | ) |
| Defendants. | ) |

The Plaintiff, John Allen Dixon, Jr. a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff was a detainee at the York County Detention Center (YCDC) at the time this Complaint was filed, and is now an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections. He files this action in forma pauperis under 28 U.S.C. § 1915, and names YCDC employees as Defendants.[2] Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

## Background

Plaintiff complains that Defendant Stewart kicked his cell door at 5 a.m. to deliver to Plaintiff "indigent legal envelopes." (Compl. ¶ IV, ECF No. 1 at 3.) When Plaintiff questioned his timing, Defendant Stewart asked Plaintiff what was wrong and was Plaintiff "mad [he] got[sic] to get up while [his] johnsons[sic] hard."[3] (*Id.*) Plaintiff was offended, and filed a grievance. He claims that it was "shuttled down hill" from Defenant Arwood, to Defendant Martin, to Defendant Davies, to Defendant Plemmons, to Defendant Millian, who addressed the grievance. (*Id.*) Plaintiff, however, refused the informal resolution and filed an appeal. Plaintiff further complains that he has not yet heard from Defendants Bryant, Arwood, Martin, Davies, or Plemmons, although he has filed multiple requests. (*Id.* at 4.)

---

[3] Plaintiff explained that "johnson" is slang for "penis." (Compl. ¶ IV, ECF No. 1 at 3.)

Plaintiff adds that thereafter, Defendant Stewart assisted other officers in removing Plaintiff from the shower, but he "didn't allow [Stewart] to touch me [because] I was afraid and scared." (*Id.*) Plaintiff complains that Defendant Stewart's action was "inappropriate and inexcusable" but was not followed by an investigation. (*Id.*) Plaintiff claims that he now lives in fear of retaliation, that he cannot sleep, and that he hears voices at night.

Plaintiff claims that Defendants' actions constitute sexual harassment, "cruel and unusual punishment and mental & emotional damage," and defamation. (*Id.* at 3.) He asserts that a similar incident perpetrated by an inmate towards a prison employee subjected the prisoner to sanctions, and to ignore his complaints amounts to denial of equal protection. Plaintiff asks that Defendant Stewart be fired from his job and that Plaintiff be awarded monetary damages against each Defendant for his "mental and emotional strain." (*Id.* at 5.) He also requests that the criminal charges pending against him be dropped.[4]

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42 (1988).

---

[4] To the extent Plaintiff seeks release from confinement, such relief is not cognizable under § 1983. Release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Plaintiff claims that he has been subjected to verbal sexual abuse or harassment by Defendant Stewart, but verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (disrespectful and assaultive comments did not violate Eighth Amendment); *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995) (noting, "as a general rule," that mere threatening language and gestures of a custodial officer do not amount to constitutional violations); *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) ("Verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation."); *see also Sterling v. Borough of Minersville*, 232 F.3d 190, 200 (3d Cir. 2000) ("[C]ourts have held that threats to violate constitutional rights are not generally actionable as constitutional violations."); *Abeyta ex rel. Martinez v. Chama Valley Ind. Sch. Dist.*, 77 F.3d 1253, 1256 (10th Cir. 1996) (holding "even extreme verbal abuse typically is insufficient to establish a constitutional deprivation"). Even if the alleged sexual comment was used, such unprofessional behavior does not by itself rise to the level of a constitutional violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). As to Plaintiff's complaint that Defendants have failed to address his grievance, Plaintiff fails to show a constitutional violation concerning the processing of his grievances or access to the grievance system; access to administrative remedies is not itself a constitutionally protected right. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994).

As to Plaintiff's claim of "cruel and unusual punishment," allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001). The rationale for this distinction was explained in *Ingraham v. Wright*:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

430 U.S. 651, 671 n.40 (1977) (citations omitted).

An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual," *Bell*, 441 U.S. at 535 n.16 (1979), but pretrial detainee may not be punished. Thus, it must be determined whether the treatment received by Plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. *Id.* at 538.

Plaintiff fails to show any expressed intent on the part of Defendants to punish him. Further, it is well-settled that "simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Additionally, Plaintiff has not set forth any facts that would suggest that his removal from the shower did not serve a legitimate non-punitive purpose or was excessive in relation to that purpose.

As to Plaintiff's claim for "mental and emotional damage," "'mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983.'" *Robles v. Prince George's County*, 302 F.3d 262, 270 (4th Cir. 2002) (quoting *Carey v. Piphus*, 435 U.S. 247, 264 (1978)). However, the PLRA "contains various provisions that were intended to discourage prisoners from filing claims that are unlikely to succeed," *Walker v. Bain*, 257 F.3d 660, 665 (6th Cir. 2001), and pursuant to the PLRA, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," 42 U.S.C. § 1997e(e). As Plaintiff has not alleged any physical injury in connection with his Complaint, his distress claim is barred. *E.g.*, *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011).

Plaintiff's claim of defamation does not implicate violation of a federal right. "[I]n order to state a claim under § 1983, a plaintiff must allege the violation of a right preserved by another federal law or by

-5-

the Constitution." *Kendall v. City of Chesapeake*, 174 F.3d 437, 439 (4th Cir. 1999).  A state law claim "does not become a constitutional violation merely because the victim is a prisoner."  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  Defamation, a tort under the laws of this State, is not a constitutional deprivation. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).  Thus, Plaintiff's defamation allegation does not establish a claim for violation of a federal right as required under § 1983.

State law claims can be considered by a federal district court in conjunction with a federal law claim through the exercise of "supplemental jurisdiction"; however, such claims are required to be "so related" to the federal claim "that they form part of the same case or controversy."  28 U.S.C. § 1367(a); *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998).  As Plaintiff's federal claim pursuant to § 1983 in this case fails, a state claim should not be considered under supplemental jurisdiction.  Federal courts are permitted to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Thus, this Court should dismiss the § 1983 action for failure to state a claim upon which relief may be granted; and decline to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to § 1367(c)(3).

Plaintiff's claim of equal protection violation must also fail.  The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  But this Clause "'does not take from the States all power of classification,' but 'keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.'"  *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (citations omitted).  To succeed on an equal protection claim, the plaintiff must establish that (i) he has been treated differently from others with whom he is similarly situated and (ii) the unequal treatment was the result of intentional discrimination.  *Id.*  As Plaintiff has failed to allege that he was treated differently from other *detainees*, rather than correctional officers, his equal protection claim is insufficient on its face.

<u>Recommendation</u>

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.

                    Joseph R. McCrorey
                    United States Magistrate Judge

December 6, 2011
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

-7-

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).